### W. H. SANDFORD *v.* R. D. KEMPER.

**Forcible Entry and Detainer—Possession Without Claim of Right.**
   The mere fact of possession of land without the claim of right will not make the entry of the tenant a forcible entry.

**Forcible Entry and Detainer—Right to Retake Possession.**
   An owner of land may take possession of premises where he has been dispossessed by a mere trespasser who sets up no claim to the land.

APPEAL FROM OWEN CIRCUIT COURT.

January 21, 1873.

OPINION BY JUDGE LINDSAY:

The mere fact of possession by Sandford, without claim of right, would not make the entry of Kemper a forcible entry within the legal meaning of that term. A person may repossess himself of his own premises when dispossessed by a mere trespasser, who sets up no claim in himself. The third instruction asked for by appellant does not recognize this distinction and was therefore properly refused.

The fourth instruction gives the law on this subject correctly and fully. The modification to the seventh instruction did change its meaning, and without it the instruction would have been misleading.

The evidence authorized the fourth instruction given for appellee. Kemper and Sandford were both on the premises when Burk abandoned his possession. Both of them took steps at that time to secure the possession, but neither of them became actually possessed. The one received the key to the house and put up the bars. The other repaired the fence by putting up a few rails. Both of them left shortly after Burk, and if either had possession after leaving, it was constructive and not actual. If Burk had forfeited his lease by transferring it without Kemper's consent, there was no one in the actual possession to whom he could give the notice required in such cases by the statute. He found the premises vacant when he subsequently entered, and if by reason of Burk's unauthorized sale his right to the possession had ended, his entry was not a forcible entry. Perceiving no error in the proceeding prejudicial to appellant, the judgment of the circuit court is *affirmed*.

*Drane, for appellant.*

*Craddock, for appellee.*